IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA M. BUSH                               *
       Plaintiff
   v.                                              *     CIVIL ACTION NO. AMD-06-3430

MAJOR HULL, et al.,                            *
       Defendants
                                   ***

MEMORANDUM

On December 18, 2006, Plaintiff Barbara M. Bush, a federal pre-trial detainee currently held at the Northern Neck Regional Jail ("NNRJ") in Warsaw, Virginia, filed this complaint against NNRJ officers and prisoners for violation of her rights under the Rehabilitation and Americans With Disabilities Acts.[1] Paper No. 1. Affording the *pro se* complaint a generous construction, it appears that plaintiff is claiming that since her admission to the NNRJ in August 2006, jail authorities refuse to acknowledge her needs as a disabled person by failing to provide handrails in its hallway and shower areas. *Id*. In addition, plaintiff alleges that jail personnel allowed NNRJ prisoners to "douse" her with a contraband liquid of "blue dye water" and to hit her in the head. *Id*. She complains that instead of sanctioning these prisoners, NNRJ authorities segregated and isolated her to a special cell or "hole" where she is refused an extra blanket. She further states that she has been verbally taunted and harassed by jail personnel and denied insulin to control her diabetes. *Id*. Plaintiff asks that NNRJ be required to accommodate her disability and that she be awarded $75,000.00 in damages.

Assuming, *arguendo*, that plaintiff's allegations state a claim that may be brought in federal court under 28 U.S.C. §§ 1332 & 1343, it is clear that this court lacks venue in this case.

Pursuant to 28 U.S.C. § 1391(b), a civil action that is not founded solely only on "diversity

---

[1] The pro se plaintiff also files the action "in tort."

of citizenship" may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. Defendants reside in Virginia. Further, all of the events giving rise to the alleged breaches and tortious conduct occurred in Virginia and outside the State of Maryland. The court therefore finds that venue is not proper in this district. In the interests of justice, this case shall be transferred to the United States District Court for the Eastern District of Virginia at Richmond, pursuant to 28 U.S.C. § 1406(a).[2]

Date: January 9, 2007                                /s/
                                                     Andre M. Davis
                                                     United States District Judge

---

[2] Warsaw is in Richmond County in the Eastern District of Virginia.